IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | C O M P L A I N T |
| v. | ) ) | JURY TRIAL DEMAND |
| MASSIMO ZANETTI BEVERAGE USA, INC., | ) ) ) | |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to LaToya Young who was affected by those practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "Commission") alleges that Massimo Zanetti Beverage USA, Inc., violated Title VII of the Civil Rights Act of 1964 ("Title VII") when it subjected Young to a sexually hostile work environment and terminated her employment for opposing harassment made unlawful by Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Massimo Zanetti Beverage USA, Inc. ("Defendant"), has continuously been a Delaware corporation doing business in the State of Virginia and the City of Suffolk, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Latoya Young filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On June 6, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On July 18, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

10. Beginning on or about February 1, 2015 and continuing until March 24, 2015, Defendant engaged in unlawful employment practices at its Suffolk, Virginia facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected LaToya Young to a sexually hostile work environment based on her sex, female, and fired Young for complaining about the sexual harassment.

11. Young began employment as a bulk processing operator at Respondent's Suffolk, Virginia roasting facility on or about January 21, 2015. On or before February 1, 2015, Young was assigned to work in an area referred to as RFB 5-8 where she was responsible for monitoring four roasters. She continued to work in that area until her employment ended on or about March 24, 2015.[1]

12. From on or before February 1 until around March 24, Young was subjected to sexually harassing comments by a male co-worker. The comments included but were not necessarily limited to such things as the co-worker:

(a) telling Young that he had "blue balls" and asking her "Why don't you help me out with that?"

(b) telling Young that he wanted to "suck [her] bottom lip."

(c) telling Young that he wanted to have sex with her, often using lewd language;

(d) telling Young that he imagined himself engaging in sexual relations with her; and,

---

[1] All dates are in 2015 unless otherwise noted.

(e) telling Young that he would "ball [her] up like a pretzel" and would "have [her] screaming."

13. The co-worker also directed sexual gestures at Young, with or without also making sexual comments. Those gestures included, but were not necessarily limited to, the co-worker:

(a) grabbing his groin area while looking directly at Charging Party;

(b) blowing kisses at Charging Party;

(c) licking his lips while looking directly at Charging Party; and

(c) biting his bottom lip while looking directly at Charging Party.

14. From approximately February 1, 2015 until February 10, 2015, Young was subjected to incidents of harassment, such as those described in paragraphs 12 and 13, on a daily basis and generally at least two or three times per day.

15. On or about February 10, Young complained about the sexual harassment to her immediate supervisor. The harassment stopped for a few days.

16. On or about February 13, the co-worker's harassment resumed when he told Young that he "still [had] blue balls." Young complained about the continued harassment to her immediate supervisor.

17. While making her February 13 complaint to her supervisor, Young told her supervisor that she intended to report the harassment to Defendant's Human Resources department. In response, the supervisor told Young that doing so would jeopardize her employment. Young therefore did not report the harassment to Human Resources.

18. The co-worker continued to make sexual comments and gestures to Young after the February 13 complaint.

19. Around March 4, Young made her final complaint about the harassment to her supervisor yet the harassment continued.

20. On or about March 24, 2015, Defendant engaged in an unlawful employment practice in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a) when it discharged Young because of her complaints of sexual harassment.

21. Specifically, approximately three short weeks after her final complaint about sexual harassment, Young was discharged by her supervisor allegedly for performance reasons.

22. Prior to her discharge, Young had not been counseled or disciplined by Defendant.

23. Young was fired for allegedly causing four batches of coffee to be out of specifications (i.e., did not meet specifications) for the roasting of coffee. Alternatively, Young was fired for allegedly not telling her supervisor that the four batches of coffee were out of specifications. Each of these reasons which are inconsistent, were at different times, provided by Defendant as the reason for discharging Young.

24. However, Young had previously been told by her supervisor that she did not have to report to her supervisor when up to four batches of coffee were out of specifications. Nonetheless, Young in fact told her supervisor that the subject four batches of coffee were out of specifications.

25. The temporal proximity between Young's final complaint and her discharge, the threat to Young's job made by her supervisor and directly related to her complaints as stated *supra*, the shifting reasons provided for Young's termination, and other factors indicate that Young was fired in retaliation for her complaints of sexual harassment.

26. The effect of the practices complained of above has been to deprive LaToya Young of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, and because she engaged in a protected activity under Title VII.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Latoya Young.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting its employees to a sexually hostile environment and terminating the employment of any employee who has in any way opposed harassment made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make LaToya Young whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of LaToya Young.

D. Order Defendant to make LaToya Young whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole LaToya Young by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN (Va. Bar No. 39682)
Supervisory Trial Attorney

/s   Amy E. Garber
AMY E. GARBER (Va. Bar No. 37336)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Norfolk Local Office

200 Granby St., Suite 739
Norfolk, VA 23510
Tel: (757) 441-3134
Fax: (757) 441-6720
amy.garber@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**