IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

SEP - 5 2018

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
            Plaintiff, )
 )
        v. )
 )
MASSIMO ZANETTI BEVERAGE USA, INC., )
 )
            Defendant. )
—————————————————————— )

Civil Action No. 2:17-cv-00499

CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this

action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil

Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Massimo

Zanetti Beverage USA, Inc. ("Defendant") subjected LaToya Young to a sexually hostile work

environment and terminated her employment for opposing harassment made unlawful by Title

VII. Ms. Young was a temporary worker supplied by a third-party staffing agency to work at

Defendant's Suffolk, Virginia roasting facility.

The Commission and Defendant, hereby stipulate to jurisdiction of the Court over the

parties and agree that the subject matter of this action is properly before the Court.

The parties now advise this Court that they desire to resolve the allegations in the

Complaint without the burden, expense, and delay of further litigation. In agreeing to resolve

this litigation, Defendant denies any wrongdoing or liability. EEOC does not disavow the

allegations in the complaint.

It is therefore the finding of this Court, made on the pleadings and the record as a whole,

1

that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.    Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by failing to take prompt and appropriate remedial action in response to any report of harassment based on sex.

2.    Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute, including by discouraging employees from reporting harassment to human resources, and threatening to terminate or actually terminating the employment of any employee because he or she engaged in protected activity under Title VII.

3.    Defendant shall pay LaToya Young the sum of Sixty-Five Thousand Dollars ($65,000) in settlement of the claims raised in this action. Applicable withholdings shall be made pursuant to federal and state tax laws, with Twenty-One Thousand Five Hundred dollars ($21,500) allocated to back wages and Forty-Three Thousand Five Hundred Dollars ($43,500) allocated to emotional distress damages. Defendant shall make payment for back wages, or cause such payment to be made, by issuing, or causing to be issued, a check payable solely to LaToya Young and for emotional distress damages by issuing a check payable jointly to LaToya Young and Pierce McCoy, PLLC. Payment shall be made within fifteen (15) days after the Court

2

approves this Consent Decree, and Defendant shall mail the checks to Ms. Young's attorney, Joshua L. Jewett, Esq., Pierce McCoy, PLLC, 101 W. Main Street, Suite 101, Norfolk, VA 23510.  Within ten (10) days after the checks have been sent, Defendant shall send to the Commission, a copy of each check and proof of its delivery to Joshua L. Jewett.  Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that LaToya Young may or may not incur on such payments under local, state and/or federal law.

      4.     Defendant hereby certifies that it possesses no employment records relating to LaToya Young; provided, Defendant acknowledges that it does possess and has retained written materials which resulted from the investigation undertaken by Defendant upon learning that Ms. Young had filed EEOC Charge Number 437-2015-00615 (the "Charge") and associated materials created by Defendant in preparation for the conciliation meeting relating to the Charge attended by Defendant and Ms. Young in the summer of 2016 and which otherwise relate to this litigation.  Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall submit a written request to the third-party staffing agency through which Ms. Young provided services to Defendant requesting that it remove all statements made by Defendant respecting the reasons it no longer wished the staffing agency to provide to it the services of Ms. Young and that the third-party staffing agency note in its records only that Ms. Young's assignment with Defendant ended effective March 24, 2016.  Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

      5.     Defendant agrees that, consistent with its present policy, it will provide no statements regarding LaToya Young or her employment to any person, and will refer all inquiries for references pertaining to LaToya Young to Lee Staffing Group which it understands

to provide only neutral information relating to dates of employment and position.

6.      Since the time the Complaint in this matter was filed, Defendant has revised its employment policies regarding sexual harassment.  A copy of the revised policy has been provided to EEOC.  Defendant shall distribute to each current employee a copy of this revised policy within forty-five (45) days of the entry of this Consent Decree.  Within forty-five (45) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission.

Defendant shall retain this revised policy, or other similar policy as may be revised or updated as appropriate, through the term of this Consent Decree.  Defendant shall ensure that any revision or update to defendant's policy includes the requirements of Title VII and its prohibition against sexual harassment.  Any revision to Defendant's policy, other than a revision to correct non-substantive errors, shall be distributed to all employees within thirty (30) days after the policy has been revised.  Within forty-five (45) days after any revision or update to Defendant's policy, Defendant shall report compliance with the requirements of this provision to the Commission

7.      During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, at the facility in which Young previously worked in Suffolk, Virginia, in one or more locations as necessary so that it is visible to all employees employed at the facility.  If any copy of the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.   Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8.      During the term of this Consent Decree, Defendant shall provide an annual training program as described herein in this paragraph 8 to all managers, supervisors and employees.  Each training program shall include an explanation of the requirements of Title VII

of the Civil Rights Act of 1964, and its prohibitions against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's revised policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred eighty (180) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9.     Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to all employees at its Suffolk, Virginia facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

A.    the identities of all individuals who have reported to Defendant verbally or in writing that they or another person was subjected to unwelcome comments or conduct based on sex, including comments or conduct the individual believed was sex discrimination, or harassment, including by way of identification each person's name, address, telephone number, and position; and a description of the information reported;

B.    describe all actions taken in response to the report(s) identified in response to 10.A. above and identify each person involved in investigating the complaint(s) and taking action thereon;

C.    the identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, and position; and a brief description of how the individual opposed an unlawful practice or participated in a Title VII protected proceeding (e.g. gave testimony in a charge).

D.    for each individual identified in 10.A. or 10. C, above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

E.    for each individual whose employment status has changed as identified in 10.D. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 10.A. and 10.C. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's Suffolk facility, interview employees and examine and copy documents.

12.    If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged

6

violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13.     The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Gerald L. Maatman, Jr., Seyfarth Shaw, LLP, at g.maatman@seyfarth.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

15.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

16.     Each party shall bear its own costs and attorney's fees.

17.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

/s/

Henry Coke Morgan, Jr.
Senior United States District Judge

_Aug. 30, 2018_
Date

The Hon. Henry Coke Morgan, Jr.
United States District Court Judge

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

KARA GIBBON HADEN (VSB 39682)
Acting Regional Attorney


/s/ Amy E. Garber
AMY E. GARBER (VSB 37336)
Senior Trial Attorney
200 Granby Street, Suite 739
Norfolk, Va. 23510
Tel: (757) 441-3134
Fax: (757) 441-6720
Email: amy.garber@eeoc.gov

*Attorneys for Plaintiff*

LATOYA YOUNG, Plaintiff-Intervenor

/s/ Joshua L. Jewett
JOSHUA L. JEWETT (VSB 76884)
jjewett@piercemccoy.com
PIERCE / McCOY, PLLC
101 W. Main Street, Suite 101
Norfolk, VA 23510
Tel: (757) 216-0226
Fax: (757) 257-0387

*Attorney for Plaintiff-Intervenor*

MASSIMO ZANETTI BEVERAGE USA,
INC., Defendant

/s/ Samantha L. Brooks
SAMANTHA L. BROOKS (VSB 91928)
GERALD L. MAATMAN, JR.
SEYFARTH SHAW, LLP
975 F Street N.W.
Washington, DC 20004
Tel: (202) 463-2400
Fax: (202) 828-5393
Email: sbrooks@seyfarth.com

*Attorneys for Defendant*